Rockingham
No. 88-284

THE STATE OF NEW HAMPSHIRE

v.

SEAN P. COCHRAN

February 7, 1990

*John P. Arnold,* attorney general (*Ellen F. McCauley,* attorney, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

SOUTER, J.  In this appeal from convictions for sexual assault, the defendant charges the Superior Court (*Temple*, J.) with error under New Hampshire Evidence Rule 403, in receiving testimony about an admission of guilt that the police failed to reduce to writing for some fourteen months after the interview in which the defendant allegedly made it. We affirm.

The evidence tends to indicate that on five separate occasions the defendant committed sexual assault upon his sister's stepdaughter, for each of which he was indicted for aggravated felonious sexual assault, RSA 632-A:2, XI, or felonious sexual assault, RSA 632-A:3, II, depending on whether the victim had turned thirteen at the time of the particular act alleged. On October 13, 1986, prior to the defendant's arrest, he was interviewed by two detectives, Smith and Downing, employed by the Salem Police Department. Smith asked the questions, and Downing kept notes, from which he promptly prepared a report, which both officers read and Downing signed. On January 4, 1988, the two officers wrote a supplemental report, based on their unaided recollections, in which they stated that near the end of the interview the defendant put the question to Smith, "If I own up to the charges, can you promise me I will not go to jail?" The defendant denied the accuracy of the report and later testified that he had asked Smith, "[I]f this goes to trial and I get convicted, will I go to jail?"

The defendant filed a motion *in limine* to exclude testimony about the statement under New Hampshire Evidence Rule 802, as inadmissible hearsay, and under that portion of New Hampshire Evidence Rule 403 providing that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...." At the motion hearing, defense counsel's examination of the police officers was directed to the ingenuousness of their delayed recollection of so damaging an item of evidence, and to the accuracy of their memories. Smith stated that he could not recall the defendant's particular remark verbatim after more than a year, but testified that the report reflected the "main substance." Although he observed that a "few verbs" could have escaped his accurate remembrance, "[a]s near as I can recollect, those are the words he used. 'Owned up' is the words that came from Mr. Cochran, not myself." The officer stated that "owned up" was not a phrase he himself "would use on a regular basis." Downing, too, agreed that the quotation was not verbatim accurate

in every respect, but likewise recalled "own up" as the defendant's language. The trial judge treated the statement as an admission, excepted from the bar against hearsay, and found it more probative than potentially prejudicial, emphasizing the officers' testimony that the quotation of "own up" was accurate. This appeal challenges the latter ruling as an abuse of discretion.

An appellant claiming trial court error in abusing discretion has the burden to demonstrate that the discretionary ruling is clearly untenable or unreasonable to the prejudice of his case, *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984); *see* N.H. R. Ev. 103(b) (no error to be predicated on evidentiary ruling unless substantial right affected). The require-ment to show prejudice when claiming that evidence should have been excluded under Rule 403 is, moreover, inherent in the very text of that element of the rule authorizing the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice ...." This "unfair prejudice" is not, of course, mere detriment to a defendant from the tendency of the evidence to prove his guilt, *see Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981) (interpreting FED. R. EVID. 403), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983), in which sense all evidence offered by the prosecution is meant to be prejudicial. Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision against the defendant on some improper basis, *id.*; *United States v. Dolliole*, 597 F.2d 102, 108 (7th Cir.), *cert. denied*, 442 U.S. 946 (1979), commonly one that is emotionally charged, *see* 1 J. WEINSTEIN AND M. BERGER, WEIN-STEIN'S EVIDENCE § 403, at 33 (1989).

In the instance before us, however, the contested evidence carried no particular emotional charge, and the risk of an improper basis for decision was said to result from its unreliability. "Unreliability," of course, can comprehend a host of sins. Unreliability of testimony could result, for example, from the general incompetence of a witness to remember events over the period between their occurrence and the proffered testimony, although we do not understand the defendant's motion to pose any such issue in this case (an issue that could, in any event, be raised only by objection under New Hampshire Evidence Rule 601(b)). Unreliability might, on the other hand, simply be the product of a specific failure of detailed memory in the absence of a record, *see* N.H. R. Ev. 803(5), or of refreshment of recollection, *see id.* 612. And closely bound to an issue of reliability in this latter sense is the question of a

witness's credibility in suggesting or professing certainty of recall. We understand the defendant's motion in this case to raise just such intertwined issues of detailed recollection and candor.

The burden of an objecting party who wishes to keep such issues from the finder of fact is, however, especially heavy, for questions of credibility and reliability fall within the jury's classic province, *see, e.g., State v. Thresher,* 122 N.H. 63, 71, 442 A.2d 578, 582 (1982). The common law rarely saw them as susceptible to ruling by the court where only one result is possible as a matter of law, *see Lampesis v. Comolli,* 101 N.H. 279, 283, 140 A.2d 561, 564 (1958) (credibility an issue of law only in clear cases, as where testimony is contrary to indisputable facts), and neither the nature of the issues nor the historic confidence in the capacity of juries to deal with them was modified by the adoption of Rule 403. A trial court's decision to leave such reliability and credibility issues for the jury therefore presents a compelling occasion for the exercise of the appellate restraint that is generally suitable in dealing with appeals from the application of Rule 403. *See United States v. Long,* 574 F.2d 761, 767 (3d Cir.), *cert. denied,* 439 U.S. 985 (1978).

No extraordinary deference is required, however, to sustain the trial court's judgment that acceptance of the officers' testimony in the instant case was one reasonable possibility open to the jury. The nub of the issue was the unlikelihood that two police officers would omit so significant an item of evidence from the initial report of their interview. But because the police, like Homer, may nod, it was open to the jury to find that the first report suffered merely from carelessness and that the second was free from deceit, and the court's decision to let the jury so find was not untenable. Certainly it was not beyond reasonable possibility that each officer honestly professed an accurate recollection, even though unaided after fifteen months, of the defendant's use of the phrase "own up." There is thus no basis to hold as a matter of law either that the probative character of the evidence was substantially outweighed by the danger of prejudice from its admission, or that its exclusion was required.

*Affirmed.*

All concurred.