Strafford
No. 93-490

### THE STATE OF NEW HAMPSHIRE

v.

### FRANK PHILBROOK

June 27, 1994

*Jeffrey R. Howard,* attorney general (*John C. Kissinger, Jr.,* attorney, on the brief and orally), for the State.

*Amy B. Messer,* public defender, of Manchester, by brief and orally, for the defendant.

HORTON, J. The defendant, Frank Philbrook, was convicted of theft by unauthorized taking, RSA 637:3 (1986), after a jury trial in the Superior Court (*Mohl,* J.). On appeal, the defendant argues that the trial court abused its discretion in permitting irrelevant and highly prejudicial evidence to go before the jury. We reverse.

On September 13, 1992, the defendant was seen pumping gas into a stolen vehicle at a gas station in Rochester. When the police approached the defendant, he fled around the corner of the gas station with the keys to the stolen car. Two police officers chased the defendant and he discarded the keys. The defendant was arrested and charged with driving after revocation and theft by unauthorized taking.

On February 6, 1993, an officer in the Barrington Police Department questioned the defendant about his involvement in a subsequent unrelated stolen motor vehicle accident. During the interrogation, the police officer asked the defendant why he had attempted to steal the car involved in the accident. The defendant stated that he intended to flee to Kentucky or Massachusetts because he had spoken to his attorney earlier in the day about the theft by unauthorized taking charge pending in Rochester, and his attorney had indicated that he would be looking at a long time in prison.

The defendant filed a pretrial motion *in limine* seeking to exclude the statements he made to the police regarding his intent to flee. He argued that the evidence was irrelevant and that the prejudicial effect of the evidence substantially outweighed its probative value. At the defendant's motion *in limine* hearing, the officer testified that the defendant made the following statements:

> "He told me that his attorney told him that he was facing, I think what Mr. Philbrook said was five to ten. And Mr. Philbrook asked his attorney if he could do some type of a better deal than five to ten. And his attorney told him, the best he could probably do for him, that the State would agree to, would be four to eight years in the State Prison.
>
> Mr. Philbrook indicated to me that he had been in the State Prison before for armed robbery, and he did his—what he told me called max out, because he had so much trouble fighting up at the prison. He knew a few people up there too, and he had a very hard time in prison. They were not helping him. He said he wanted to be helped and so on and so forth.
>
> He told me there was no way he wanted to go back to prison, that he would not go back to prison. I asked him then, 'What were you going to do? Were you going to run?' He says, 'Yes, I was going to run.' 'Where would you go?' He told me that he had contacts in Connecticut, Kentucky and Massachusetts. And I asked him—he told me he lived in the area all his life—how does he know people in Kentucky and

Massachusetts? And he told me that he got the contacts from people in prison."

The trial court found that the defendant's statements were highly relevant on the issue of guilt. The court admitted a limited portion of the defendant's statements, finding that the probative value of the evidence outweighed its limited prejudicial effect. At trial, the police officer testified that the defendant said he was going to Kentucky or Massachusetts "[b]ecause he had spoken to his attorney earlier in the day and his attorney had indicated to him that he would be looking at a long time in prison and Mr. Philbrook was depressed about that."

On appeal, the defendant contends that the trial court erred by admitting the defendant's statement that he was leaving the State because his attorney indicated to him that he would be looking at a long time in prison. The defendant argues that this evidence was irrelevant and highly prejudicial. We hold that although the evidence of flight may have been relevant, it was substantially prejudicial and therefore the trial court abused its discretion in admitting the evidence.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401. Evidence of post-offense flight may be probative on the issue of the defendant's consciousness of guilt. *State v. Torrence*, 134 N.H. 24, 27, 587 A.2d 1227, 1229 (1991). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." N.H. R. Ev. 403. We will not disturb the trial court's determination of admissibility under Rule 403 absent an abuse of discretion. *State v. Stayman*, 138 N.H. 397, 402, 640 A.2d 771, 774 (1994). To prevail on appeal, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. *Id.* Evidence of flight may support a variety of inferences. *Torrence*, 134 N.H. at 27, 587 A.2d at 1229. In this case, the evidence of flight could also support an inference that the defendant intended to leave the State because of his discussion with his attorney, rather than his own consciousness of guilt. The statement that the defendant's attorney told him that he would be looking at a long time in prison could have left the jury with the improper impression that the defendant's own attorney thought he was guilty. Accordingly, we hold that the trial court abused its discretion in admitting the de-

fendant's statement that he was fleeing because his attorney told him he would be looking at a long time in prison. The admission of this highly prejudicial evidence had an undue tendency to improperly induce a decision against the defendant and therefore requires reversal. *See State v. Cochran*, 132 N.H. 670, 672, 569 A.2d 756, 757 (1990).

*Reversed and remanded.*

All concurred.