Snow v. Isaac                                    CV-98-180-SD   05/28/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Robert M. Snow


        v.                              Civil No. 98-180-SD


Andrew L. Isaac


                        O R D E R


        Plaintiff Robert Snow seeks to avoid the unhappy prospect of facing trial in two jurisdictions.  He moves to join an alleged tortfeasor, destroying diversity jurisdiction, and causing a remand to state court.  Document 4.[1]  The defendant objects.  Document 7.[2]


1.  Background

        This is an action for malicious prosecution.  It arises from another action brought in this court in which the plaintiff Snow was named as a defendant.  Civ. No. 98-108-B, Simpkins v. Snow,

_____

        [1]Plaintiff requests oral argument on his motion, but the court finds that the discretionary analysis required to resolve the issues herein is not sufficiently extraordinary as to require the assistance of such argument.  Local Rule 7.1(d).

        [2]Defendant alternatively suggests that the court defer ruling on the instant motion until it has ruled on the defendant's pending motion for summary judgment.  However, a recent Supreme Court decision makes clear that the practice of avoiding jurisdictional issues by resolving issues on the merits is without legal merit and is to be avoided.  See Steel Co. v. Citizens for a Better Environment, ___ U.S. ___, 118 S. Ct. 1003 (1998).

et al.  Judge Barbadoro resolved that action in favor of Snow, holding it to be barred by the doctrine of res judicata.  Id., Order of May 13, 1996.[3]

Simpkins, plaintiff in the other federal action, was represented therein by defendant Isaac, a lawyer employed at the time by the Manchester, New Hampshire, law firm of Wiggin & Nourie (W&N).  Snow brought two suits in state court naming, respectively, as defendants W&N and Isaac.  Isaac, who had left W&N and moved to California, removed the action against him to this court.

Snow now seeks to add W&N to the instant suit as a party defendant, destroying diversity and requiring remand to the state court.


2.  Discussion

It is elemental that the lack of complete diversity between the parties deprives the federal court of jurisdiction over the lawsuit.  Casas Office Machines v. Mita Copystar America, 42 F.3d 668, 673 (1st Cir. 1994) (citations and internal quotations omitted).  And the joinder or substitution of nondiverse defendants after removal destroys diversity jurisdiction regardless of whether such defendants are dispensable or indispensable to the action.  Id. at 674.

---

[3]See also Simpkins v. Snow, 139 N.H. 735, 661 A.2d 772 (1995).

2

As a joint tortfeasor, W&N is not an indispensable party to this litigation. Id. at 677. In such circumstances, this court has the option of denying joinder and continuing its jurisdiction over the case or permitting joinder and remanding the case to the state court. Id. at 675.

In exercising its discretion, the court realizes that the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).[4] The factors to be considered include the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. Id.

While plaintiff has not been dilatory, the court finds that it is clearly his intent to defeat federal jurisdiction, that his interests will not be significantly injured if the court denies the requested joinder, and that the equities favor the defendant.[5]

Accordingly, it is herewith ordered that the motion be

---

[4]The First Circuit has cited with approval the factors to be utilized in cases such as this, as set forth in Hensgens. Casas, supra, at 675 & n.8.

[5]For example, Snow is a small-town police chief, here suing a California-based attorney. The prejudice of facing a local jury is apparent.

3

denied and that the case proceed in is present posture, with Isaac as the sole defendant.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 28, 1998

cc:  Thomas J. Gleason, Esq.
     Russell F. Hilliard, Esq.

4