Strafford
No. 99-213

THE STATE OF NEW HAMPSHIRE

v.

TERRY S. JOHNSON

December 28, 2000

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, attorney, on the brief and orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Terry S. Johnson, was convicted by a jury of four counts of aggravated felonious sexual assault. *See* RSA 632-A:2, I (1996) (amended 1999). On appeal, he argues, among other things, that the Superior Court (*Mohl*, J.) erred by admitting

a videotaped interview of Robin Needham, the complaining witness and the defendant's girlfriend. Because we reverse and remand for a new trial on this issue, we do not consider the defendant's remaining arguments.

The following facts either appear in the record or are undisputed. On June 5, 1998, Needham gave an unsworn statement to a victim-witness advocate in the Strafford County Attorney's office. Her statement was videotaped and a police officer watched Needham through a two-way mirror as she gave it. She stated that on three occasions in May 1998, the defendant had sexual intercourse with her without her consent, and on one occasion penetrated her digitally through force. Needham recanted her videotaped statement on November 25, 1998, signing an affidavit under oath stating that any sex she had with the defendant was consensual.

Prior to trial, the defendant moved to exclude the videotaped statement on the ground that it was inadmissible hearsay. Following a hearing at which Needham again recanted, the court ruled that the videotaped statement was substantially admissible under the residual exception to the hearsay rule. See N.H. R. EV. 803(24). At trial, Needham testified that the defendant did not sexually assault her. The videotaped statement was the State's only substantive evidence of the alleged sexual assaults.

"Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted in the statement." *Simpkins v. Snow*, 139 N.H. 735, 737, 661 A.2d 772, 774 (1995) (quotation omitted). It is inadmissible unless it falls within one of the evidentiary rule exceptions. *Id.* "We will not reverse a trial court's ruling on the admissibility of evidence absent an abuse of discretion. To show an abuse of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Young*, 144 N.H. 477, 482, 743 A.2d 1275, 1280 (1999) (citations and quotation omitted).

Hearsay may be admitted under the residual exception, if it is "[a] statement not specifically covered by any of the foregoing exceptions [in Rule 803], but having equivalent circumstantial guarantees of trustworthiness." N.H. R. EV. 803(24). To be admissible, the statement must also be "offered as evidence of a material fact; . . . [be] more probative on the point for which it is offered than any other evidence which the proponent may procure through reasonable efforts; and . . . the general purposes of these rules and the interests of justice [must] best be served by admission of the statement in question." *Id.*

The trial court abused its discretion by admitting the videotaped statement for several reasons. First, the court did not consider Needham's motive to lie when she made the videotaped statement. *See United States v. Tome*, 61 F.3d 1446, 1453 (10th Cir. 1995). As the State concedes, the evidence of this motive was "strong." At the pretrial hearing, Needham testified that she lied in the videotaped statement because she was angry with the defendant and jealous about his ongoing relationship with another woman. She acknowledged that her jealousy and anger caused her to threaten the defendant's girlfriend twice, break into her home, file a false police report accusing her of harassment, destroy the defendant's clothes, and attack the defendant by hitting him with a telephone and burning him with a cigarette. Needham testified that she filed the false report about the girlfriend on the same day that she first accused the defendant of rape. Although the trial court observed that Needham did not "appear vindictive, or motivated by personal animus" and appeared to be telling the truth on the videotape, it did not acknowledge that she had a motive to lie.

Second, the court failed to consider the fact that Needham recanted twice before trial: once in a sworn affidavit and again, in her pretrial testimony. *See United States v. Moore*, 936 F.2d 1508, 1516-17 (7th Cir. 1991). The State argues that Needham's pretrial testimony recanting the videotaped statement was not credible. The trial court correctly did not rely upon its determination that Needham's recantation was not credible to assess the videotaped statement's trustworthiness.

Third, the court found the videotaped statement trustworthy, in part, because Needham gave it in an official setting, under police observation. The court ruled that "[u]nder these circumstances, the importance of the truthfulness of her statements was certainly impressed upon her." These circumstances are not equivalent to giving a statement under penalty of perjury, however, and do not contain the same guarantees of trustworthiness. *See United States v. York*, 852 F.2d 221, 226 (7th Cir. 1988).

Fourth, the court found the videotaped statement admissible, in part, because it came "only hours" after Needham was treated for a non-sexual assault by the defendant. The statement's temporal proximity to *this* assault is immaterial, however. It is the statement's temporal proximity to the alleged sexual assaults that is crucial. *See State v. McLaughlin*, 135 N.H. 669, 674, 610 A.2d 809, 812 (1992) ("Spontaneity and temporal proximity to the event are factors supportive of a finding of reliability."). Needham's videotaped statement came weeks after the alleged sexual assaults.

■ Finally, the court ruled that because the statement was on videotape and Needham was available to testify, "[t]he usual reliability concerns present with hearsay testimony are largely obviated." We disagree. An untrustworthy videotaped statement is no more admissible than an untrustworthy statement recorded by other means. *See State v. Lenaburg*, 781 P.2d 432, 436 (Utah 1989). Needham's availability at trial also does not obviate the need for her videotaped statement to be trustworthy. Such an "expansive interpretation of [Rule 803(24)] [] threaten[s] to swallow the entirety of the hearsay rule." *Tome*, 61 F.3d at 1452.

■ We hold that Needham's strong motive to lie, her recantations, the gap of time between the alleged sexual assaults and the statement and the absence of an oath deprived the videotaped statement of any guarantee of trustworthiness. Accordingly, it was inadmissible hearsay. Trustworthiness is the foundation upon which Rule 803(24) rests. Because the statement is untrustworthy, we need not give consideration to Rule 803(24)'s other requisites.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.