Rockingham
No. 2001-362

### THE STATE OF NEW HAMPSHIRE

v.

### PETER D'AMELIO

Submitted: June 12, 2002
Opinion Issued: September 17, 2002

*Philip T. McLaughlin,* attorney general (*Elizabeth A. Dunn,* attorney, on the brief), for the State.

*Christopher M. Johnson,* chief appellate defender, and *Richard E. Samdperil,* assistant appellate defender, of Concord, by brief for the defendant.

DUGGAN, J. Following a jury trial, the defendant, Peter D'Amelio, was convicted of attempted first degree assault, *see* RSA 631:1 (1996); RSA 629:1 (1996), and reckless conduct, *see* RSA 631:3, II (1996). On appeal, he argues that the Superior Court (*McHugh,* J.) erred in admitting into evidence a knife found in his possession at the time of his arrest. We affirm.

The relevant facts are as follows. On January 11, 2000, John Bouraphael was involved in an altercation with the defendant and an unidentified male at a car dealership in Brentwood. The incident occurred while Bouraphael

was showing a car to the unidentified male, who punched Bouraphael as he was bending down to unlatch the hood. During the altercation, the defendant ran toward Bouraphael and lunged at him twice with a knife, slashing his jacket under the left arm. Bouraphael was not injured by the knife.

That same afternoon, Bouraphael spoke with Detective Johnson of the Kingston Police Department. According to Johnson's testimony at the trial, Bouraphael described the knife used by the defendant as a "combat knife" six inches in length with "some type of brass knuckle-type handle." Bouraphael did not describe the knife as having either a serrated edge or a hole in the blade.

On February 13, 2000, the defendant was arrested in Wellesley, Massachusetts. At the time of his arrest, the defendant had a knife in his possession. The knife did not have a brass knuckle handle. The Wellesley Police Department seized the knife and later faxed a photocopy of the knife to Sergeant Mitchell of the New Hampshire State Police, who then showed the fax to Bouraphael. Upon viewing the fax, Bouraphael indicated that the knife "possibly" could be the one the defendant used in the January 11 incident.

Prior to trial, the defendant filed a motion *in limine* to exclude the knife seized from him at the time of his arrest. The trial judge denied the motion because Bouraphael, after seeing the knife in person before the trial, stated that the knife looked "just like" the one the defendant used. At trial, Bouraphael testified that the knife used by the defendant looked like a "Rambo knife" and was approximately six inches long, with jagged edges on its back. Later, the State introduced the knife taken from the defendant as an exhibit. Bouraphael testified that this knife looked "exactly like the knife [the defendant] used." He also indicated that he recognized the serrated edge and the hole in the blade.

Over a defense objection, the judge admitted the knife into evidence. The judge found that there was a nexus between the knife seized from the defendant at the time of his arrest and the knife allegedly used by the defendant during the altercation with Bouraphael. The judge also stated that Bouraphael's identification of the knife presented a credibility issue for the jury to resolve.

On appeal, the defendant argues that the knife was inadmissible under Rule 403 of the New Hampshire Rules of Evidence. Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The trial court has broad discretion in determining whether the prejudice resulting from a particular item of evidence substantially outweighs its probative value. *See State v. Pelkey*, 145 N.H. 133, 136 (2000); *Aubert v. Aubert*, 129 N.H. 422, 430 (1987). Absent an unsustainable exercise of discretion, we will not disturb the trial court's determination of admissibility under Rule 403. *See State v. Philbrook*, 138 N.H. 601, 603 (1994); *see also State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). To establish that the trial court committed an unsustainable exercise of discretion, "the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of the defendant's case." *State v. Woodard*, 146 N.H. 221, 224 (2001).

The defendant argues that the knife had minimal probative value primarily because Bouraphael did not unequivocally identify it as the knife used during the assault, but rather only said that the knife "looked exactly like" the one the defendant used. Our cases, however, have established that evidence does not have only minimal probative value merely because it cannot be identified with complete certainty. *See State v. Hamel*, 123 N.H. 670 (1983); *see also State v. Newcomb*, 140 N.H. 72 (1995); *State v. Farrow*, 118 N.H. 296 (1978). In *Hamel*, we rejected the defendant's argument that a bullet recovered from the victim's body had only minimal probative value even though the ballistics expert was able to state that there was only a possibility that the bullet was fired from the defendant's gun. *Hamel*, 123 N.H. at 676-77. In *Farrow*, we held that even though a witness could not positively identify hair found on the victim's body as belonging to the defendant, the trial court did not err in admitting the hair because the witness testified that it was similar to the defendant's hair. *Farrow*, 118 N.H. at 307. Finally, in *Newcomb*, we upheld the admission of a gun purchased by the State for demonstrative purposes because witnesses testified that it resembled or looked "basically the same" as the defendant's gun, which had not been recovered. *Newcomb*, 140 N.H. at 74-75.

Based upon our reasoning in *Hamel*, *Farrow* and *Newcomb*, we conclude that the probative value of the knife was more than minimal. Bouraphael testified that the knife used in the altercation was six inches long with jagged edges on its back, and that it looked exactly like the knife taken from the defendant. Even though his initial description of the knife was not entirely consistent with the knife seized from the defendant, Bouraphael's testimony at trial was sufficient to support the trial judge's ruling.

Notwithstanding the probative value of the knife, the defendant argues that its introduction was unfairly prejudicial, and that this prejudice substantially outweighed the probative value. In particular, he contends that regardless of whether the jury believed the knife was used in the altercation with Bouraphael, the fact that the knife was taken from the defendant invited the jury to draw impermissible inferences about his character and propensity for violence.

■ A party objecting to the admission of evidence under Rule 403 bears the burden of showing unfair prejudice. *See State v. Cochran*, 132 N.H. 670, 672 (1990). We have previously stated:

> Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.

*Pelkey*, 145 N.H. at 136 (quotation omitted). Unfair prejudice is not mere detriment to a defendant from the tendency of the evidence to prove his guilt. *Cochran*, 132 N.H. at 672. Rather, the prejudice required for reversible error is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged. *Id.*

■ The defendant maintains that because he was in possession of the knife at the time of his arrest, the jury was likely to conclude that the defendant regularly armed himself with a knife and had a propensity to engage in acts of violence. It is equally plausible, however, that the primary inference the jury was likely to draw was that the defendant had used the seized knife in the altercation with Bouraphael. Thus, even if the introduction of the knife was somewhat prejudicial, we hold that the knife had sufficient probative value such that the trial court properly exercised its discretion in concluding that the probative value was not substantially outweighed by the danger of unfair prejudice.

*Affirmed.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.