# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2016-0306, <u>State of New Hampshire v. Daniel King</u>, the court on September 19, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Daniel King, appeals his convictions on two counts of indecent exposure, <u>see</u> RSA 645:1 (2016), following a jury trial, arguing that the Superior Court (<u>O'Neill</u>, J.) erred in: (1) precluding hearsay testimony of communications among witnesses about their observations of the incident; (2) allowing evidence of his departure from New Hampshire after being interviewed by the police; (3) denying his motion to set aside the verdicts as against the weight of evidence; and (4) failing to order a new trial in response to an incident of juror misconduct.

The defendant first argues that the court erred in precluding hearsay testimony of communications among the juvenile eyewitnesses about their observations of the incident. We accord the trial court considerable deference in determining the admissibility of evidence. <u>State v. Lisasuain</u>, 167 N.H. 719, 725 (2015). We will not disturb its decision absent an unsustainable exercise of discretion. <u>Id</u>. To demonstrate an unsustainable exercise of discretion, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.

The record shows that defense counsel asked one of the juvenile witnesses, "did everyone say they saw the man with his pants down?" The State objected, stating, "He's asking for hearsay about what everyone else saw." Defense counsel stated that the theory of the defense was that the witnesses' memories had been "co-mingled, that they've heard things from other people." The trial court sustained the objection. On appeal, the defendant argues that the trial court should have allowed the testimony pursuant to the residual exception to the hearsay rule, New Hampshire Rule of Evidence 803(24). At trial, the defendant did not specifically cite Rule 803(24) in arguing for the admissibility of this evidence. Assuming, without deciding, that this issue is preserved for review, <u>but</u> <u>see</u> <u>State v. Gordon</u>, 161 N.H. 410, 417 (2011) (contemporaneous and specific objection is generally required to preserve an issue for appellate review), we find no error.

Unless it falls within a recognized exception, hearsay evidence is generally inadmissible. State v. Lisasuain, 167 N.H. at 725; see N.H. R. Ev. 802 (hearsay not admissible except as provided by rules). Under former Rule 803(24) (revised and renumbered as Rule 807 effective July 1, 2017), a statement not covered by other hearsay exceptions, but having signs of trustworthiness, is not excluded by the hearsay rule "if the court determines that: (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will be best served by admission of the statements into evidence." N.H. R. Ev. 803(24) (former rule).

We conclude that the defendant has failed to meet the test of Rule 803(24) because he failed to show that the hearsay statement that he sought to introduce was more probative of what the witnesses observed than any other evidence. The defendant was not precluded from cross-examining the State's witnesses about their observations, and he does not assert that other eyewitnesses to the incident were unavailable for trial. Upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in precluding the evidence. See State v. Lisasuain, 167 N.H. at 725.

The defendant also argues that the court's decision deprived him of his state constitutional right to cross-examine adverse witnesses. Assuming, without deciding, that this issue is preserved for review, but see State v. Winstead, 150 N.H. 244, 246 (2003) (constitutional issue must be brought to trial court's attention to preserve issue for appeal), the record shows that the trial court allowed the defendant to cross-examine the State's witnesses about the fact that they communicated with one another about their observations before they spoke with the police, and to argue that their testimony was influenced by their communications. Upon this record, we conclude that the trial court allowed the defendant sufficient cross-examination to meet constitutional standards. See State v. Locke, 149 N.H. 1, 11 (2002).

The defendant next argues that the trial court erred in permitting the State to introduce evidence that he left New Hampshire after being interviewed by the police, asserting that there were reasonable explanations for his departure other than consciousness of guilt. He asserts that, as a homeless man, he had fewer ties to New Hampshire, and that a reasonable juror could have concluded that he traveled south before the winter in search of warmer weather. In addition, he argues, the circumstances did not evidence consciousness of guilt. He states that he waived his Miranda rights and answered the interviewing officer's questions about the incident; moreover, he asserts, the officer did not inform him that he would be arrested or that he should remain in New Hampshire.

The State was not required to prove that the defendant was aware that he was suspected of a crime before evidence of his flight could be admitted. State v. Glidden, 123 N.H. 126, 134 (1983). When presented with evidence of flight, the trial court makes the initial determination on its admissibility, and the jury decides the weight and credibility to be given to the evidence. State v. Torrence, 134 N.H. 24, 27 (1991). We will uphold the trial court's ruling absent an unsustainable exercise of discretion. See State v. Lisasuain, 167 N.H. at 725. Although evidence of post-offense flight may support a variety of inferences, one such inference is that the defendant was conscious of his guilt. State v. Philbrook, 138 N.H. 601, 603 (1994).

After admitting evidence that the defendant was arrested in Hot Springs, Arkansas, the trial court instructed the jury as follows:

> You have heard evidence that may show that the Defendant fled or attempted to flee. It is up to you to decide whether the evidence shows this. If you believe that it does, I instruct you that flight may be motivated by a variety of reasons. Flight does not create a presumption of guilt. . . . However, you may consider flight as tending to show feelings of guilt, and you may also consider feelings of guilt as evidence . . . tending to show actual guilt, but you are not required to do so.

Based upon this record, we cannot conclude that the trial court's decision to allow the introduction of evidence of the defendant's departure from New Hampshire constituted an unsustainable exercise of discretion. See State v. Lisasuain, 167 N.H. at 725.

The defendant also suggests, without elaboration, that the admission of this evidence constituted an improper comment on his constitutional right to travel. However, he cites no authority, and we are not aware of any, that precludes comment, on constitutional grounds, on his decision to travel out of state. Accordingly, we decline to address this issue further. See Keenan v. Fearon, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

The defendant next argues that the trial court erred in denying his motion to set aside the verdicts. Although the defendant argued in his motion that the verdicts were against the weight of the evidence, he argues on appeal that the evidence was insufficient to support them. To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Collyns, 166 N.H. 514, 517 (2014). Our standard of review is de novo. Id. To prevail upon a challenge to the weight of the evidence, the defendant must establish that the verdict is one that no reasonable jury

3

could have returned.  State v. Durgin, 165 N.H. 725, 734 (2013).  This presents a question of fact for the trial court, which we review for an unsustainable exercise of discretion.  Id.

The State's witnesses described acts of indecent exposure.  Two of the witnesses identified the defendant in a photo array before trial and in the courtroom at trial as the person who committed the crimes.  Based upon this record, we conclude that the evidence was sufficient to support the verdicts.  See State v. Collyns, 166 N.H. at 517.  The trial court found that although the defendant arguably identified several discrepancies in the evidence, the verdicts were not contrary to the weight of the evidence.  Based upon this record, we cannot conclude that the trial court's decision denying the motion to set aside the verdict as against the weight of the evidence constituted an unsustainable exercise of discretion.  See State v. Durgin, 165 N.H. at 734.

Finally, the defendant argues that the trial court erred in failing to order a new trial in response to an incident of juror misconduct.  A defendant has a right to be tried by a fair and impartial jury.  State v. Lamy, 158 N.H. 511, 522 (2009).  Any juror found to be disqualified before or during trial should be removed.  Id.  It is within the trial court's discretion to determine what constitutes an adequate inquiry into juror misconduct.  Id. at 523.  "The most common approach is to remove the offending juror and undertake individual voir dire of the panel."  Id.  "This is a fact-specific determination, which we review for an unsustainable exercise of discretion."  Id.

The record shows that, during a chambers conference before the third day of trial, juror number three confirmed that, after the second day of trial, she hugged the mother of one of the witnesses.  In a separate chambers conference, the court asked juror number six, who witnessed the incident, whether she could remain impartial.  After receiving such assurance from juror number six, and confirming that juror number six had not discussed her observations of juror number three with the other jurors, the court proposed excusing juror number three and allowing juror number six to remain on the jury.  Defense counsel, after conferring with the defendant, agreed with the court's proposal and did not seek any additional remedy.  We cannot conclude that the trial court unsustainably exercised its discretion in failing to order a new trial under these circumstances.  See State v. Lamy, 158 N.H. at 523.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

4