Strafford
No. 94-637

### THE STATE OF NEW HAMPSHIRE

v.

### ANTONIO MARTI

March 7, 1996

*Jeffrey R. Howard*, attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Antonio Marti, was convicted on three indictments alleging aggravated felonious sexual assault. *See* RSA 632-A:2 (1986 & Supp. 1991) (amended 1992). On appeal, he argues that the Superior Court (*Dickson*, J.) erred in admitting evidence of his numerous prior sexual assaults on the victim. He also argues that the court erred in precluding cross-examination of the victim about a prior inconsistent statement and illegal drug use. We reverse the defendant's convictions because it was error to admit evidence of the prior sexual assaults and, therefore, leave the remaining issues in this appeal to the trial court for its resolution if they should arise during a new trial.

Each of the first two indictments against the defendant alleges that he committed an act of aggravated felonious sexual assault upon the victim, his daughter, between her tenth and sixteenth birthdays. *See* RSA 632-A:2, X (Supp. 1991) (amended 1992), XI (1986) (amended 1992). The third indictment contains two alternative counts relating to one incident. It alleges in the first count that the defendant dragged the victim into his bedroom and forced her to submit to anal intercourse. *See* RSA 632-A:2, I (1986) (amended 1992). In the second count, it alleges both that the defendant coerced his daughter to submit to anal intercourse by "being in a position of authority," *see* RSA 632-A:2, X-a (Supp. 1991) (amended 1992), and that the defendant coerced her "by subjecting her to years of sexual and physical abuse as her father [and] thereby forcing her to submit," *see* RSA 632-A:2, III (1986) (amended 1992).

Prior to trial, the defendant sought to exclude under New Hampshire Rule of Evidence 404(b) the introduction of any evidence of his other sexual assaults against the victim during the time period covered by the three indictments. The trial court denied this request, apparently accepting the State's argument that because these assaults constituted the conduct that coerced the victim to submit to the ultimate sexual assault charged in the second count of the third indictment, Rule 404(b) was inapplicable.

In his opening statement, the prosecutor told the jury that the defendant had subjected the victim to sexual abuse from the time she was five years old. The defendant objected, arguing that the prosecutor's statements about the prior sexual assaults were highly prejudicial. The court overruled this objection but stated that it would consider a limiting instruction in the final charge to the jury.

During trial, the victim testified that over an eleven-year period, from the time she was five until she was sixteen years old, the defendant fondled her or had anal intercourse with her two or three times a week. The victim also testified that the defendant used physical force to coerce her to submit to anal intercourse as alleged in the third indictment. In its final charge, the court instructed the jury that the evidence of the prior sexual assaults was relevant only to the issue of coercion.

The defendant contends that the trial court should have analyzed and excluded evidence of the prior sexual assaults under Rule 404(b). Evidence of other bad acts is admissible under this rule only "if relevant for a purpose other than to prove the defendant's character or disposition, if there is clear proof the defendant committed the other acts, and if the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *State v. Kirsch*, 139 N.H. 647, 653, 662 A.2d 937, 942 (1995). The defendant also argues that even if the trial court correctly found Rule 404(b) inapplicable, the evidence should have been excluded under the Rule 403 balancing test, which is identical to the balancing test under Rule 404(b). *See State v. Trainor*, 130 N.H. 371, 375, 540 A.2d 1236, 1239 (1988).

We will not disturb the trial court's determination of admissibility of evidence under either Rule 403 or Rule 404(b) absent an abuse of discretion. *See State v. McGlew*, 139 N.H. 505, 507, 658 A.2d 1191, 1193 (1995) (Rule 404(b)); *State v. Philbrook*, 138 N.H. 601, 603, 644 A.2d 66, 67 (1994) (Rule 403). To prevail on an abuse of discretion claim, the defendant must show that the trial court's decision was "clearly untenable or unreasonable to the prejudice of his case." *State v. Carter*, 140 N.H. 1, 4, 662 A.2d 289, 290 (1995) (quotation omitted).

■ We need not decide whether the trial court erred in ruling that the evidence of prior sexual assault fell outside the scope of Rule 404(b). *See State v. Martin*, 138 N.H. 508, 518, 643 A.2d 946, 952 (1994). Under the balancing test common to Rules 403 and 404(b), the probative value of the evidence — either to prove coercion or for a valid purpose under Rule 404(b) — is substantially outweighed by prejudice to the defendant. Under both rules,

[e]vidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case.

*McGlew*, 139 N.H. at 510, 658 A.2d at 1195 (quotation and emphasis omitted). In a case involving evidence of other bad acts, the trial court must consider the nature of those acts in weighing prejudice, as "[s]ome acts have a great emotional impact upon a jury and have greater potential for appealing to a juror's sense of resentment or outrage." *Id.* at 510, 568 A.2d at 1196.

The indictments in this case allege three discrete acts, yet the trial court allowed the State to introduce testimony by the victim about hundreds of prior sexual assaults perpetrated by the defendant. Many of these assaults were identical to the charged crime. By its nature, this is precisely the sort of evidence that could create "an undue tendency to induce a decision against the defendant on some improper basis," *State v. Cochran*, 132 N.H. 670, 672, 569 A.2d 756, 757 (1990), for it effectively "obscured the charged offense and may have tempted the jury to condemn the defendant for uncharged [acts]," *Carter*, 140 N.H. at 5, 662 A.2d at 291. Moreover, when, as here, the number of prior incidents is excessive, the evidence could lead the jury "to conclude that because the defendant had sexually abused the victim [in the past], he probably committed the charged aggravated felonious sexual assault." *Id.*

It is true, as the State notes, that the trial court issued a limiting instruction with respect to the purpose for which the prior acts were admitted, and that the defendant did not request an additional instruction specifically aimed at prejudicial effect. Given the nature and extent of the defendant's prior sexual misconduct, however, "cautionary or limiting instructions would not have been able to erase the taint of the prejudicial evidence." *State v. Woodbury*, 124 N.H. 218, 221, 469 A.2d 1302, 1305 (1983) (quotation omitted). Consequently, the defendant's failure to request a more specific instruction is not fatal to his claim.

The State argues that the admission of this evidence was, in any event, harmless error. "The burden is on the State to prove harmless error, and this burden is met only if we can conclude beyond a reasonable doubt that the evidence did not affect the verdict." *State v. Vandebogart*, 139 N.H. 145, 158, 652 A.2d 671, 679 (1994) (quotation omitted). Among the factors we consider in making a harmless error analysis is the character of the inadmissible evidence itself. *See id.* In light of our determination that the nature and effect of the defendant's prior misconduct substantially prejudiced his case and after review of the entire record, we cannot say

that the decision to admit this evidence was harmless beyond a reasonable doubt.

*Reversed and remanded.*

All concurred.