Strafford
No. 97-430

THE STATE OF NEW HAMPSHIRE

v.

ROBERT MONTGOMERY

October 15, 1999

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BRODERICK, J. The defendant, Robert Montgomery, was convicted on twelve counts of felonious sexual assault, *see* RSA 632-A:3 (1996 & Supp. 1998), and eight counts of aggravated felonious sexual assault, *see* RSA 632-A:2 (1996 & Supp. 1998), against his daughter, a child under the age of thirteen. On appeal, he argues that the trial court erred in (1) admitting testimony of prior uncharged sexual assaults on the complainant and her younger sister, and (2) excluding certain witness testimony pertinent to his defense. We reverse and remand.

The defendant was indicted on twenty-two counts of felonious sexual assault, eighteen counts of aggravated felonious sexual assault, and one count of attempted aggravated felonious sexual assault involving his two daughters. The assaults allegedly occurred over a span of ten years. With respect to the older daughter, the assaults allegedly began in 1982 when she was seven years old and ended in 1988 when she was twelve years old. Six felonious sexual assault indictments involving the older daughter alleged that the defendant fondled her genital area, and six others alleged that he made her fondle his penis. For each type of sexual contact, a single act was alleged to have occurred in each calendar year charged. Additionally, four aggravated felonious sexual assault indictments involving the older daughter alleged that the defendant engaged in

cunnilingus, and four others alleged fellatio. Again, a single act of each type of assault was alleged to have occurred for each of the last four years of the charged abuse.

Regarding the younger daughter, the defendant was similarly charged with ten counts of felonious sexual assault and ten counts of aggravated felonious sexual assault between 1988 and 1991. These charges involved the same type of sexual assault purportedly inflicted on the older daughter, and included a single act of each type of assault for each calendar year from the time the younger daughter was seven until she turned eleven. The defendant was also charged with one count of attempted aggravated felonious sexual assault for allegedly attempting to force his younger daughter to engage in sexual intercourse.

Prior to trial, the defendant moved to exclude all evidence of uncharged sexual assaults involving his daughters. The State objected, contending that while it charged the defendant with several types of assault per calendar year for each daughter, evidence that he perpetrated countless other assaults during the same time period was relevant to explain why the daughters were unable to recall much detail about the charged assaults. The Trial Court (*Fauver*, J.) ruled that the prior acts were admissible under New Hampshire Rule of Evidence 404(b). It, however, restricted the State from eliciting testimony "which would permit the jury to quantify the number of uncharged acts which may have occurred."

During trial, both daughters testified to suffering numerous acts of sexual assault at the hands of their father during the ten-year time frame at issue. They recounted that the physical contact with their father began with fairly innocuous massages and over the years escalated to fellatio and cunnilingus. Both daughters graphically described the various assaults. Their testimony involved charged and uncharged acts. Ultimately, the jury convicted the defendant on the twenty counts involving his older daughter and acquitted him of all counts involving his younger daughter. On appeal, the defendant argues that the trial court erred in admitting the uncharged acts of abuse under Rule 404(b). We agree.

■ Rule 404(b) precludes evidence of a defendant's uncharged bad acts unless they are relevant for a purpose other than character or propensity, clear proof exists that the acts occurred, and prejudice to the defendant does not substantially outweigh the probative value of the evidence. *See State v. Marti*, 140 N.H. 692, 694, 672 A.2d 709, 710 (1996). In a criminal matter, Rule 404(b) "serves to ensure that the defendant is tried on the merits of the

crime as charged and to prevent a conviction based on evidence of other crimes or wrongs." *State v. Melcher*, 140 N.H. 823, 827, 678 A.2d 146, 149 (1996) (quotation omitted). When reviewing the evidence of uncharged bad acts in this case, we are mindful of the emotionally charged nature of the crime of sexual assault. Without a doubt, societal outrage is further enhanced when such allegations involve a father as the perpetrator and minor daughters as the victims. The defendant, however, is presumed innocent until "determined by a jury, after a *fair trial*, to be the perpetrator of the act[s] charged." *Id.* (emphasis added).

The body of Rule 404(b) itself suggests several permissible purposes for admitting evidence of uncharged bad acts allegedly committed by a defendant. Specifically, such evidence may be used "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." N.H. R. EV. 404(b). While the rule does not purport to provide an exhaustive list of permissible purposes, we are convinced that the purpose relied upon by the State on appeal, and endorsed by the trial court below, is improper.

In its brief, the State argues that the probative purpose of the challenged evidence was to offer the jury a plausible explanation why the daughters could not recall much detail about the charged assaults. The trial court subscribed to this reasoning in ruling that the evidence was

> essential to allow the complainants to give a coherent and intelligible description of the charged offenses to the jury. Without the benefit of such testimony, the jury would merely hear about isolated acts occurring over a period of ten years. The alleged victims would be unable to explain to the jury why they cannot distinguish one incident from another and why they cannot testify in detail as to the circumstances surrounding each incident.

(Citation omitted.) After concluding that "clear proof" of the uncharged acts existed, the court determined that "[g]iven the large number of indictments in this case, evidence of other identical bad acts will not be unduly prejudicial toward the defendant nor will they surprise the jury" and that such evidence was "crucial to allow the jury to properly evaluate the complainants' testimony and assess their credibility."

■■ In essence, the evidence of the uncharged sexual assaults was offered to buttress the daughters' credibility in anticipation of

the defendant's attack on the truthfulness of their allegations because they could not recall details surrounding the charged assaults. The State, however, points to no law supporting the proposition that it can use evidence of uncharged bad acts to enhance the credibility of its own witnesses *in its case in chief*. Indeed, "[w]e have stated that the admission of bad acts evidence in the State's case in chief cannot be justified by a belief in advance of trial that excluding this evidence will mislead the jury." *State v. Crosby*, 142 N.H. 134, 138, 697 A.2d 1377, 1379 (1997) (quotation omitted). Moreover, it is rudimentary that a party cannot use collateral evidence to bolster the credibility of its own witnesses absent a direct attack. *See generally* N.H. R. EV. 608(a); *State v. Fischer*, 143 N.H. 311, 316-17, 725 A.2d 1, 3-4 (1999). Had the defendant, for example, "opened the door" by directly challenging his daughters' inability to recall particular detail about the charged sexual assaults, the State may well have been able to use the uncharged sexual assaults to rehabilitate its witnesses. *See Crosby*, 142 N.H. at 138, 697 A.2d at 1379; *Melcher*, 140 N.H. at 830, 678 A.2d at 150-51. The State cannot, however, use Rule 404(b) as an avenue for circumventing basic evidentiary thresholds.

In addition, we are not convinced of the State's assertion that the bad acts evidence was harmless error beyond a reasonable doubt. *See Marti*, 140 N.H. at 695, 672 A.2d at 711 (State bears burden to prove that evidence was harmless error beyond a reasonable doubt). The State argues that the jury's acquittal of the defendant on all charges involving the younger daughter demonstrates that its determination of guilt on the remaining indictments was not based on an improper use of the challenged evidence. In short, the State claims that had the uncharged bad acts inflamed the jury, it would have rendered guilty verdicts on the younger daughter's charges as well.

██ As in most sexual assault cases, this case turned on the complainants' credibility. The defendant's direct impeachment of the older daughter's testimony was essentially limited to her initial general denial of abuse when confronted by a social worker, which could have undermined the veracity of her subsequent disclosure. In contrast, the defendant's direct impeachment of the younger daughter was extensive and specific. Defense counsel confronted her with numerous inconsistent statements as to the details of abuse, including a prior recantation. Therefore, it is entirely possible that the jury completely discredited the younger daughter's accusations, but believed the older daughter and improperly relied upon the

uncharged acts as demonstrative of the defendant's bad character or propensity. Given the character of the improper evidence and the gravity of its potential prejudicial impact, we cannot say that the trial court's admission of uncharged acts of sexual assault was harmless beyond a reasonable doubt. *See id.*

In light of our holding above, we need not address the defendant's remaining issue.

*Reversed and remanded.*

All concurred.