Strafford
No. 2000-328

THE STATE OF NEW HAMPSHIRE

v.

ANTONIO MARTI

November 13, 2001

*Philip T. McLaughlin*, attorney general (*Stephen D. Fuller*, assistant attorney general, on the brief and orally), for the State.

*Carl D. Olson*, assistant appellate defender, of Littleton, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Antonio Marti, brings this interlocutory appeal from an order of the Superior Court (*T. Nadeau*, J.) denying his motion to dismiss. *See* SUP. CT. R. 8. He contends that his prosecution for aggravated felonious sexual assault, *see* RSA 632-A:2 (1986 & Supp. 1991) (amended 1992, 1994, 1995, 1997, 1998, 1999) is barred by double jeopardy. We affirm and remand.

The defendant was indicted on three counts of aggravated felonious sexual assault in 1994. The three separate indictments charged him with: (1) anal intercourse with a person under thirteen years of age; (2) anal intercourse with the same person when she was between thirteen and sixteen; and (3) anal intercourse with the same person when she was over sixteen years of age. Following his conviction on all three counts, the defendant appealed. We held that the trial court erred when it allowed the State to introduce evidence of hundreds of uncharged sexual assaults against the same victim, reversed the convictions, and remanded for a new trial. *State v. Marti*, 140 N.H. 692, 695-96 (1996) (*Marti I*).

Before the defendant's retrial in September 1996, the State *nol prossed* the first indictment and substituted 104 indictments, each alleging a single act of anal intercourse per week over a period of two years, when the victim was under thirteen years of age. The defendant moved to dismiss

the 104 indictments arguing, in part, that the substitute charges were motivated by prosecutorial vindictiveness. The trial court denied the motion and the defendant was tried on the 104 indictments, as well as the two original remaining charges, and was convicted on all 106 counts. The defendant appealed. After finding that the circumstances of the substituted indictments demonstrated the "realistic likelihood of vindictiveness," and that "the prosecutor failed to rebut the presumption of vindictiveness," we reversed the trial court's ruling on the defendant's motion, and remanded the two remaining charges for retrial. *State v. Marti*, 143 N.H. 608, 615 (1999) (*Marti II*).

On remand, before the third trial, the State brought indictment number 99-S-772-F, which essentially reinstated the 1994 indictment charging the defendant with one count of aggravated felonious sexual assault for engaging in anal intercourse with a person under thirteen years of age. The defendant moved to dismiss the new indictment. He argued that to allow the State to retry him on the original charge violated his constitutional protections against double jeopardy. The superior court denied the defendant's motion to dismiss, but granted the defendant's request for leave to file an interlocutory appeal.

The defendant argues that the Double Jeopardy Clauses of the United States and the New Hampshire Constitutions, *see* U.S. CONST. amend. V; N.H. CONST. pt. I, art. 16, prohibit a retrial because his more recent conviction was reversed based upon a finding of prosecutorial vindictiveness in substituting 104 indictments for a single indictment. We consider the defendant's argument first under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), relying upon federal decisions only for guidance, *see State v. Fitzgerald*, 137 N.H. 23, 26 (1993). Because, on the issue before us, federal law provides the defendant no greater protection than does the State Constitution, we will not undertake a separate federal analysis. *See id.*

 The Double Jeopardy Clause of the New Hampshire Constitution protects an accused "against multiple prosecutions and multiple punishments for the same offense." *Fitzgerald*, 137 N.H. at 25. There is generally no double jeopardy bar under the State Constitution to the retrial of a defendant whose conviction has been reversed on appeal, *State v. Beaupre*, 129 N.H. 486, 487 (1987), unless the reason for reversal is insufficiency of the evidence. *See State v. Shannon*, 125 N.H. 653, 667 (1984). Double jeopardy will bar retrial, however, where a prosecutor engages in misconduct with the intention of provoking the defendant into moving for a mistrial and the defendant does so. This standard was adopted by the United States Supreme Court in *Oregon v. Kennedy*, 456

U.S. 667, 679 (1982). The Court reasoned that a specific intent standard in situations involving prosecutorial misconduct was preferable to a more general "bad faith conduct" or "harassment" test because it would be easier for trial courts to apply. *Id.* at 674-75. We adopted the test set out in *Kennedy* as a matter of State constitutional law in *State v. Duhamel*, 128 N.H. 199, 202-03 (1986).

Neither we nor the United States Supreme Court has yet squarely addressed under what circumstances the Double Jeopardy Clauses afford protection against retrial when a defendant's conviction is reversed for prosecutorial misconduct. The defendant urges us to adopt the standard set forth in *United States v. Wallach*, 979 F.2d 912 (2d Cir. 1992), *cert. denied*, 508 U.S. 939 (1993), and reaffirmed in *United States v. Pavloyianis*, 996 F.2d 1467 (2d Cir. 1993), and hold that the defendant should not have been retried. While we agree that the rule announced in *Wallach* is a logical extension of *Kennedy*, we agree with the State that its application does not bar retrial in this case.

At issue in *Wallach* was whether double jeopardy barred retrial after the Second Circuit reversed a conviction on the ground that the prosecution should have known that the government witness's trial testimony was false. *See Wallach*, 979 F.2d at 913. The Second Circuit rejected the State's argument that *Kennedy* did not apply because the defendant had not moved for or obtained a mistrial. *See id.* at 915. The court rejected the defendant's argument that the Double Jeopardy Clause bars a second prosecution when the prosecutor engages in serious misconduct with the intention of preventing an acquittal, and held:

> If any extension of *Kennedy* beyond the mistrial context is warranted, it would be a bar to retrial only where the misconduct of the prosecutor is undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct.

*Id.* at 916. Applying this extension of *Kennedy* to the facts before it, the court concluded that the Double Jeopardy Clause did not bar retrial because: (1) it was clear from the evidence that the prosecutor did not believe that the defendant would be acquitted; and (2) the prosecutor did not engage in deliberate misconduct because there was no determination that the prosecutor had actual knowledge that the government's key witness was lying. *See id.* at 916-17.

The Second Circuit reaffirmed the extension of *Kennedy* in *Pavloyianis*, 996 F.2d at 1473-74. Affirming the district court's denial of

the defendant's motion to dismiss a subsequent prosecution on double jeopardy grounds, the court stated:

> The Double Jeopardy Clause protects a criminal defendant from multiple successive prosecutions for the same offense that arise from prosecutorial overreaching engaged in with the deliberate intent of depriving him of having his trial completed by a particular tribunal or prejudicing the possibility of an acquittal that the prosecutor believed likely.

*Id.* at 1473.

■ We are persuaded by the rationale underlying the Second Circuit's limited extension of *Kennedy*. We agree that because double jeopardy bars retrial where a prosecutor intended to bring about a mistrial, it is logical that double jeopardy bars a retrial where the prosecutor engaged in misconduct with the specific intent to avoid an acquittal which the prosecutor believed was likely to occur in the absence of the misconduct.

> Indeed, if *Kennedy* is not extended to this limited degree, a prosecutor apprehending an acquittal encounters the jeopardy bar to retrial when he engages in misconduct of sufficient visibility to precipitate a mistrial motion, but not when he fends off the anticipated acquittal by misconduct of which the defendant is unaware until after the verdict. There is no justification for that distinction.

*Wallach,* 979 F.2d at 916. The *Wallach* standard is also consistent with a fundamental principle underlying *Kennedy*; that is, that double jeopardy will bar retrial when a prosecutor engages in conduct with the intent "to subvert the protections afforded by the Double Jeopardy Clause." *Kennedy,* 456 U.S. at 676.

■ Application of the *Wallach* standard does not, however, provide the defendant relief in this case because there is no evidence that the prosecutor acted with the intention of depriving him of his double jeopardy rights. While we determined in *Marti II,* 143 N.H. at 611-15, that the State presumptively engaged in vindictive misconduct when, following our decision in *Marti I,* it replaced one indictment with 104 separate indictments, we did not find that the prosecutor acted with the intent to provoke a mistrial or to otherwise subvert the protections afforded by the Double Jeopardy Clause. Rather, the presumed prosecutorial

vindictiveness at issue was the attempt to punish the defendant for exercising his right to appeal by increasing the charges brought on remand. *Id.* at 611. Indeed, it defies logic to suggest that the prosecutor engaged in misconduct well in advance of trial in order to provoke the defendant into requesting a mistrial or to avoid an acquittal he thought was likely to occur without the misconduct. *See United States v. Washington*, 198 F.3d 721, 724-25 (8th Cir. 1999).

The defendant points to cases from other jurisdictions to support his position that we should find greater double jeopardy protection under the New Hampshire Constitution than is provided under the Federal Constitution. The cases cited involve prosecutorial misconduct that occurred during trial. *See State v. Breit*, 930 P.2d 792, 803 (N.M. 1996); *State v. Kennedy*, 666 P.2d 1316, 1318 (Or. 1983); *Pool v. Superior Court*, 677 P.2d 261, 269 (Ariz. 1984); *State v. Rogan*, 984 P.2d 1231, 1238 (Haw. 1999); *Com. v. Smith*, 615 A.2d 321, 325 (Pa. 1992). These cases do not require a defendant who asserts that retrial is barred by double jeopardy to prove that the prosecutor acted with a "deliberate intent" to provoke a mistrial. Rather, the defendant need prove only that the prosecutor acted in "willful disregard" of the resulting mistrial, retrial or reversal, *Breit*, 930 P.2d at 803, with "indifference to a significant resulting danger of a mistrial or reversal," *Pool*, 677 P.2d at 271-72; *see Kennedy*, 666 P.2d at 1326, or with intent to prejudice the defendant and thereby deny the defendant a fair trial, *Smith*, 615 A.2d at 325.

We need not decide whether these standards should be used to evaluate prosecutorial misconduct that occurs during trial under the Double Jeopardy Clause of our State Constitution. Even assuming, without deciding, that our State Constitution requires that the defendant prove only that that the prosecutor acted with willful disregard, indifference to the possibility of mistrial or reversal, or the intent to deny the defendant a fair trial, we would reach the same result in this case as we do applying the *Wallach* "deliberate intent" standard. Again, the prosecutor's presumed vindictive behavior in this case was his attempt to punish the defendant for exercising his right to appeal by increasing the charges brought against him on remand, not an attempt to deny the defendant a fair trial on remand. The prosecutor's *level* of intent in bringing the additional charges is irrelevant because his presumed intent was not to deny the defendant a fair trial or act in willful disregard or indifference to the possibility of mistrial or reversal, but to punish the defendant for appealing. For retrial to be barred, the prosecutor's aim must be to subvert the protections of double jeopardy. That was not the case here.

Accordingly, we affirm the denial of the motion to dismiss and remand.

*Affirmed and remanded.*

BRODERICK and DALIANIS, JJ., concurred.